IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.
       PELVIC REPAIR SYSTEM                          MDL NO. 2326
       PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO

*Becky Alvarez, et al. v. Boston Scientific Corporation*
Civil Action No.: 2:16-cv-05100

MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Adjudicate Lien and Seeking a Determination of the Value of the Debt [ECF No. 8] filed by the plaintiffs, and the Motion to Dismiss Plaintiffs' Motion [ECF No. 14] filed by Plaintiff's Funding Holding, Inc. d/b/a LawCash ("LawCash"). Both Motions are ripe for adjudication because the briefing is complete. For the reasons stated below, the Motion to Adjudicate Lien is **DENIED**, and the Motion to Dismiss Plaintiffs' Motion is **DENIED as moot**.

I.    Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). Specifically, this case resides in the Boston Scientific Corp. ("BSC") MDL, MDL 2326. The MDL Panel created the BSC MDL to promote the just and efficient conduct of

actions involving common questions of fact related to allegations of defects in pelvic surgical mesh products manufactured by BSC. *See* Transfer Order 1 [ECF No. 1], *In re: Bos. Sci. Corp. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02326.

In this particular case, the plaintiff was implanted with a BSC Prefyx PPS System pelvic mesh product on November 9, 2011. Subsequently, the plaintiff received financing from LawCash in the amount of $21,000 to have the Prefyx product surgically removed. On June 5, 2015, the plaintiff had the Prefyx product surgically removed.

On April 6, 2016, the plaintiffs direct-filed this case in the BSC MDL in the Southern District of West Virginia. Compl. [ECF No. 1]. The plaintiffs named BSC as the sole defendant. *Id.* ¶ 6. On April 11, 2018, the court placed this case on the pending inactive docket after being advised that the plaintiffs and BSC had agreed to a settlement. Inactive Docket Order [ECF No. 11]. As of the date of this Order, this case remains on the pending inactive docket.

## II.     Discussion

In the Motion to Adjudicate Lien, the plaintiffs ask this court to declare the alleged lien from LawCash to be null and void, and to reduce the unsecured debt "to a reasonable amount." Mem. of Law in Supp. of Pls.' Mot. to Adjudicate Lien 6 [ECF No. 9]. In the Motion to Dismiss Plaintiffs' Motion, LawCash argues that the plaintiffs' Motion should be dismissed due to lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, a consent to arbitration, and because the

plaintiffs' Motion fails to state a claim upon which relief can be granted. LawCash's Mot. to Dismiss Pls.' Mot. 1.

After reviewing the Motions and the arguments presented by the plaintiffs and LawCash, I **FIND** that the plaintiffs' Motion to Adjudicate Lien is not properly before the court. The plaintiffs' dispute over the validity and value of their debt with LawCash does not involve factual questions concerning such matters as the design, manufacture, safety, testing, marketing, and performance of pelvic mesh products manufactured by BSC. Furthermore, LawCash has never been joined in this litigation, and is not a defendant in this case. Therefore, the plaintiffs' dispute with LawCash does not belong in the Bard MDL, and is not properly before the court.

### III. Conclusion

The court **ORDERS** that the plaintiffs' Motion to Adjudicate Lien [ECF No. 8] is **DENIED** and LawCash's Motion to Dismiss Plaintiffs' Motion [ECF No. 14] is **DENIED as moot**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 11, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE